UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JIMMIE STEPHENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:24-CV-330-DCLC-JEM |
| | ) |
| M. BENANTI, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, who is housed at the California Medical Facility in Vacaville, California, filed Applications to Proceed in District Court Without Prepaying Fees or Costs [Docs. 2 and 7] and a pro se Petition for Writ of Mandamus [Doc. 2]. Because Plaintiff has filed at least three (3) lawsuits that were dismissed for failing to state a claim, and no exception applies, the Court **RECOMMENDS** that the District Judge bar him from proceeding in forma pauperis under 28 U.S.C. § 1915(g). Should the District Judge accept this recommendation, and if Plaintiff wishes to continue with this action, he must pay the full civil filing fee applicable to those who are not permitted to proceed in forma pauperis.

### I. ANALYSIS

The Prison Litigation Reform Act ("PLRA") contains a "three strikes" provision, which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has been deemed a three-strikes litigant in California since 2008. *See Stephens v. Felder*, No. 2:24-CV-1713, 2024 WL 3159868, at *2 (E.D. Cal. June 25, 2024) ("Court records reveal that on June 20, 2008, in the Southern District of California, plaintiff was declared a three-strikes litigant . . . ." (citation omitted)), *reconsideration denied sub nom.*, *Stephens v. Fedder*, No. 2:24-CV-1713, 2024 WL 3413454 (E.D. Cal. July 15, 2024), *report and recommendation adopted*, No. 2:24-CV-1713, 2024 WL 3821716 (E.D. Cal. Aug. 14, 2024).[1]

The Court has verified that Plaintiff has filed at least three cases while incarcerated that were dismissed for failure to state a claim upon which relief may be granted. The United States Court of Appeals for the Ninth Circuit affirmed the district court's decision in *Stephen v. Lacy*, 48 F.3d 1228, 1995 WL 72353, at *1 (9th Cir. 1995) (table opinion), because his lawsuit was barred by the *Heck* doctrine. This counts as a strike. *See Avery v. Byrd*, No. 3:20-CV-00872, 2020 WL 6712166, at *1 n.1 (M.D. Tenn. Nov. 16, 2020) (explaining that a dismissal under *Heck* constitutes a strike). In addition, at least two other lawsuits have been dismissed for failure to state claim. *Stephen v. Zulfacar*, No. 94-55655, 1995 U.S. App. LEXIS 1443, at *1443 (9th Cir.

---

[1] One court noted that a three-strikes order against Plaintiff was entered on March 12, 2007. *Stephen v. Zhang*, No. CIV S-12-0630, 2012 WL 1378504, at *1 (E.D. Cal. Apr. 19, 2012). Regardless, Plaintiff has filed numerous lawsuits in the Eastern District of California seeking to proceed in forma pauperis. These courts have declined to allow him to do so due to his prior strikes. *See, e.g.*, *Stephens v. Bragg*, No. 2:23-CV-1172, 2023 WL 4198685, at *1 (E.D. Cal. June 27, 2023), *report and recommendation adopted*, No. 223CV1172, 2023 WL 5516143 (E.D. Cal. Aug. 25, 2023), *reconsideration denied*, No. 2:23-CV-01172, 2023 WL 6201751 (E.D. Cal. Sept. 22, 2023); *Stephens v. Newsome*, No. 2:22-CV-1583, 2023 WL 3956715, at *3 (E.D. Cal. May 25, 2023), *report and recommendation adopted sub nom.*, *Stephens v. Newsom*, No. 2:22-CV-01583, 2023 WL 4109775 (E.D. Cal. June 21, 2023); *Stephen v. Lozano*, No. 2:19-CV-1407, 2020 WL 2145390, at *2 (E.D. Cal. Mar. 20, 2020), *report and recommendation adopted*, No. 219CV1407, 2020 WL 2126835 (E.D. Cal. May 5, 2020).

Jan. 11, 1995); *Stephen v. Shelar*, 3:06-cv-1054 [Doc. 8] (S.D. Cal. Aug. 31, 2006). These also count as strikes. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020) ("The text of the PLRA's three-strikes provision makes this case an easy call. A dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice.").

Under the "three strikes" provision of the PLRA, Plaintiff cannot file this suit—or any future suit in forma pauperis—unless he can demonstrate that he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). To be eligible for the "imminent danger of serious physical injury" exception, the plaintiff "must plausibly allege such a danger." *Gresham v. Meden*, 938 F.3d 847, 849 (6th Cir. 2019) (citing *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013)). "A physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm. Minor harms or fleeting discomfort don't count." *Id.* at 850. In addition, the plaintiff must "show that his complaint alleged facts from which a court, informed by its judicial experience and common sense could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) (cleaned up). In other words, the "imminent danger . . . must be real and proximate[.]" *Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008) (citation omitted). "[A] prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* (citation omitted).

Here, Plaintiff claims the imminent danger exception [Doc. 8]. He states:

> Plaintiff hereby state imminent Danger, when Plaintiff Stephens has been subjected to <u>Death threats</u> from Defendants for filing this Lawsuit in retaliation for IST Amendment Access to courts, as Stephens as "<u>ONGOING CONSPIRACY</u>" among officials attempting to SILENCE him, or myself, ongoing since 5-1-24, and prior . . .

3

[*Id*. at 2]. "[But u]nsupported, vague, and conclusory allegations of verbal threats are insufficient to satisfy the imminent danger exception." *McDougald v. Dillow*, No. 1:16-CV-1099, 2019 WL 1993998, at *3 (S.D. Ohio Feb. 26, 2019) (citations omitted), *report and recommendation adopted*, No. 1:16CV1099, 2019 WL 1991951 (S.D. Ohio May 6, 2019). And there are no facts supporting Plaintiff's allegations that an ongoing conspiracy exists to silence him. *Banks v. Scarsborough*, No. 4:13CV00170, 2013 WL 1337413, at *2 (N.D. Ohio Mar. 29, 2013) ("[T]he imminent danger exception 'is essentially a pleading requirement[] subject to the ordinary principles of notice pleading.'" (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)). Plaintiff has not met the imminent danger exception.[2]

## III.   CONCLUSION

For the reasons stated above, the Court **RECOMMENDS**[3] that the District Judge **DENY** Plaintiff's Applications to Proceed in District Court Without Prepaying Fees or Costs [**Docs. 2 and 7**].[4] The Court further **RECOMMENDS** that Plaintiff be afforded twenty-one (21) days to pay the

---

[2]   Plaintiff filed the Motion for Intervention [Doc. 3], which appears to request that he be permitted to intervene in *United States v. Benanti*, No. 3:15-cr-177. But United States District Judge Varlan has already denied that request. *See United v. Benanti*, No. 3:15-cr-177, Doc. 357 (E.D. Tenn. July 18, 2024).

[3]   This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[4]   Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).

filing fee and advised that the failure to do so will result in a dismissal of his case without prejudice.

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge