UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| JIMMIE STEPHENS, | ) |
| Plaintiff, | ) 3:24-CV-00330-DCLC-JEM |
| vs. | ) |
| M. BENANTI, | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court to consider the Report and Recommendation ("R&R") of the United States Magistrate Judge [Doc. 9]. In the R&R, the magistrate judge recommends that the Court deny Plaintiff's motions to proceed *in forma pauperis*. [Docs. 2, 7]. Plaintiff filed objections to the R&R.[1] [Doc. 12]. The Court will now consider the R&R of the magistrate judge, as well as Plaintiff's objections.

Federal Rule of Civil Procedure 72(b)(2) provides that a party may file "specific written objections" to a magistrate judge's R&R. Objections to an R&R must be specific; they cannot be general in nature. *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Id.* (quoting *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001)).

The R&R here makes two findings. First, that the Plaintiff is disqualified from filing *in forma pauperis* because he is a "three strikes" litigant under the Prison Litigation Reform Act

---

[1] It is unclear procedurally what Plaintiff's motion is. It is titled "Amended From Mandamus" and "Objections to Magistrate Recommendation." [Doc. 12].

1

("PLRA"). 28 U.S.C. § 1915(g). [Doc. 11, pg. 2–3]. Second, that Plaintiff did not plead sufficient facts to skirt the "three strikes" rule by showing that he was under imminent danger of serious physical injury. [*Id.* at 3–4]. Thus, the Court can only consider Plaintiff's objections to the extent that they dispute his status as a "three strikes" litigant or the finding that he is not under imminent danger of serious physical injury.

Thorough review of Plaintiff's filing [Doc. 12] reveals no objection to either of those findings. Rather, Plaintiff's filing is an eclectic smattering of court documents, correspondences with various institutions, and publicly available press releases. [Doc. 12]. At best, Plaintiff's response to the R&R restates—albeit with different words and exhibits—his original complaint. And while Plaintiff is entitled to some leeway as a *pro se* litigant, the Court cannot interpret Plaintiff's response to the R&R as objecting to either his status as a "three strikes" litigant or the finding of the magistrate judge that he is not under imminent danger of serious physical injury. *See Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (noting that *pro se* filings are liberally construed).

Therefore, after thorough consideration of Plaintiff's Objections [Doc. 12], the R&R [Doc. 11], and the record as a whole, the Court finds that the R&R properly analyzes the issues presented. For the reasons set out in the R&R, which are incorporated by reference herein, it is hereby **ORDERED** that the R&R [Doc. 11] is **ADOPTED**.

Further, the Court notes that Plaintiff has filed two additional motions to proceed *in forma pauperis* [Docs. 8, 13] not specifically addressed in the R&R. As noted above, the Court endorses the magistrate judge's finding that Plaintiff is a "three strikes" litigant. Further, while one of the motions [Doc. 8] alleges "imminent danger," the Court finds that it has not been sufficiently pleaded to allow Plaintiff to avoid the "three strikes" bar to litigation. Instead, the pleading suffers

from the same deficiencies as the magistrate judge noted in the R&R. [Doc. 11, pg. 3–4]. Accordingly, Plaintiff's motions [Docs. 8, 13] are **DENIED**.

Finally, pursuant to the recommendation of the magistrate judge, it is hereby **ORDERED** that Plaintiff pay the filing fee by **February 6, 2025**. Failure to pay the filing fee by the deadline will result in dismissal of this case without prejudice.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge